THOMAS P. JOHNSTON and wife *v.* THOMAS W. HAYNES.

A guardian cannot be allowed in an account with his ward for an expenditure greater than the income of such ward's estate.

The amount of allowance of commissions to a guardian by a referee is usually adopted by the Court, unless it is shown to be excessive.

This case is the same with the foregoing, that having been stated on the appeal of the defendant, while this is an appeal of the plaintiffs. The following are the exceptions which were filed by the plaintiff's counsel:

1. That the referees have allowed the defendant in his disbursements an amount greatly in excess of the annual interest of the *feme* plaintiff's estate.

2. That they have allowed the defendant excessive commissions.

3. That they have allowed him interest on his commissions.

4. That they have allowed him compound interest on disbursements and commissions.

5. That voucher 3d is unsupported by testimony, and if allowed, as it was paid 5th Dec. 1863, ought to have been scaled, as the proof shows he paid it in Confederate money

*Dupre* and *Jones & Jones,* for plaintiffs.
*Fowle, Bailey* and *Blackmer & McCorkle,* for defendant.

READE, J. In this case there were exceptions on both sides in the Court below and both sides appealed. In this branch of the case, which is the plaintiff's appeal, we consider only the plaintiff's exceptions:

1. The first exception is that the defendant is allowed as expenditures an amount greater than the income of the ward's estate. If that be so and to the extent that it is so, the exception is allowed, and the account will be reformed.

And as that is a matter of clerical calculation from the account already stated, it is referred to the clerk here to make the calculation.

2. The second exception is disallowed. It is usual to adopt the allowance made by the accountant unless it is shown to be erroneous. It is not shown here.

3. The third exception that defendant is allowed interest on his commissions is disallowed, because he is *charged* with interest on the whole amount, which includes his commissions.

4. The fourth exception, that defendant is allowed compound interest on his disbursements and commissions, is disallowed for the same reason as in exception three. He was *charged* in the same manner.

5. The fifth exception to voucher III, is disallowed for indefiniteness.

There are no vouchers on file, and item three in the account stated is the only thing to which the exception can be referred by us, and that item is only thirty-five cents, and therefore we suppose is not what was intended by the exception.

If the calculations by the Clerk here shall find an excess of expenditures over the income, their judgment will be entered for the plaintiff in this branch of the case for such excess only ; as in the other branch of the case, we have given the plaintiff judgment for the amount due outside of this exception. If the calculation shall show no excess of expenditure over the income, then there will be judgment here for the defendant for his costs.

PER CURIAM.                    Judgment accordingly.